Laura D. Ruccolo, Esq.
Capehart & Scatchard, PA
8000 Midlantic Drive
Suite 300 S
Mt. Laurel, NJ  08054
(856) 234-6800
Email: lruccolo@capehart.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
HONORABLE JEROME B. SIMANDLE, U.S.D.C.J.

| | |
|---|---|
| JOHN J. ADAMSON, JR., | Civil Action |
| Plaintiff, | Docket No. 08-cv-4819(JBS) |
| vs. | **CERTIFICATION OF GAVIN LENTZ IN SUPPORT OF DEFENDANT, TRIAD FINANCIAL CORPORATION'S, MOTIONS TO DISMISS THE COMPLAINT** |
| FOULKE MANAGEMENT CORPORATION d/b/a CHERRY HILL TRIPLEX and CHERRY HILL DODGE, et al., | |
| Defendants. | RETURN DATE: December 1, 2008 |

Gavin Lentz, of full age, certifies as follows:

1. I am an attorney and a partner in the law firm of Bochietto & Lentz, P.C., and I am familiar with the facts stated herein.

2. I was retained by Triad Financial Corporation ("Triad"), a defendant in the above matter, in response to the Complaint filed by Plaintiff, John J. Adamson, Jr., and I requested and obtained an extension of time from Plaintiff's counsel, John Jacko, to file an Answer on behalf of Triad by November 20, 2008. At that time, counsel sent an email stating the extension was to file an answer only. I did not object to this as I was unaware of the release issue and arbitration positions as set forth below. Subsequently, the defense of Triad was turned over to Laura Ruccolo at Capehart & Scatchard, who filed the pending motion to dismiss on behalf of Triad.

3. It is my understanding that Plaintiff's counsel, Mr. Jacko, has objected to Triad's motion to dismiss on the ground that the extension of time he granted to respond to the Complaint was only for filing an Answer, and not a motion. He even goes so far as to assert in his brief opposing Triad's motion to dismiss that Triad "waived" any right to file a dismissal motion. He does not, however, assert that Triad waived the affirmative defenses which are the subject of Triad's motion to dismiss.

4. In fact, I never waived the right to assert any defense on behalf of Triad including, but not limited to, those defenses raised in the motion to dismiss, i.e. accord and satisfaction based on a General Release, and lack of jurisdiction based on the arbitration agreement and demand.

5. In fact, Plaintiff's counsel did not disclose the existence of the General Release previously signed, or at least apparently signed, by Plaintiff, during any of our discussions.

6. Also, I was not aware of the demand for arbitration by the defendant, Foulke Management Corporation, at the time of my discussion with Plaintiff's counsel on October 27, 2008. Foulke Management Corporation's motion to dismiss based on the arbitration agreement was filed the next day, October 28, 2008.

7. Therefore, not only did I not waive these defenses, but I could not "knowingly" have waived them given my unawareness of the Release or the demand for arbitration.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 11/21/08

/S/ Gavin Lentz
GAVIN LENTZ

1102344.doc                                           2