

**CAPEHART
SCATCHARD**
ATTORNEYS AT LAW

Laura D. Ruccolo

lruccolo@capehart.com

November 25, 2008

Hon. Jerome B. Simandle
US District Court, District of NJ, Camden
Mitchell H. Cohen U.S. Courthouse
Room 6010/Courtroom 4A
1 John F. Gerry Plaza,
P.O. Box 888
Camden, NJ 08101

Re:   John J. Adamson, Jr. v. Foulke Management Corp., et al
      USDC, District of NJ, No. 1:33-av-00001
      Our File No. 2708-30834

Dear Judge Simandle:

    I represent the Defendant's Foulke Management Corp. and Triad Financial Corp. in the above-referenced matter. I am responding to Plaintiff's counsel's letter, dated November 25, 2008, and the request therein for permission to file a sur-reply Brief pursuant to Local Rule 7.1(d)(6). On behalf of Defendants, Foulke Management Corp. and Triad Financial, Corp., I formally object to Plaintiff's request.

    Plaintiff has not provided the Court with any legitimate reason why it should be entitled to file a sur-reply. Plaintiff had the opportunity and did, in fact, argue the alleged adhesive nature and unconscionability of the arbitration agreement in its opposition to Defendants' motion. In fact, there is nothing new that was raised in Defendants' Reply Brief, which does nothing more than a respond to and address Plaintiff's arguments in opposition to the Motion to Dismiss. Moreover, Plaintiff does not contend that a sur-reply brief is required because the motion involves complicated or novel legal questions. It does not. On the contrary, the Arbitration Agreement at issue is almost identical to the arbitration agreement approved and enforced by the New Jersey Appellate Division in Gras v. Associates First Capital Corp., 346 N.J. Super. 42 (App. Div. 2001).

    Plaintiff seems to indicate that he wants to expand on his previous arguments regarding the alleged unconcionability and suggests that there is cost shifting under the American Arbitration Association Rules. The arbitration would be conducted under the consumer arbitration rules which do not permit fee shifting or a likelihood that Plaintiff will bear the cost of the arbitration. That is not the case and, in fact, Plaintiff is ignoring the consumer rules, which apply to this case, and under which Plaintiff would only be required to pay the initial filing fee of $375.00. Defendant will pay the case service fees and arbitrator cost. Moreover, neither of the cases cited by Plaintiff in his letter Brief to

November 25, 2008
Page 2

Your Honor support his assertion that the filing fee or any other fee is prohibitively expensive as to bar arbitration.

Thus, for those reasons, Defendants object to the Court permitting Plaintiff to file a sur-reply. However, Defendants further request that, if the Court is to grant the Plaintiff's request, Defendants be given an opportunity to file a sur-sur-reply to respond to any new arguments that Plaintiff may make.

                          Respectfully submitted,

                          CAPEHART & SCATCHARD, P.A.

                          Laura D. Ruccolo

LDR/cle
1104885

cc:    John J. Jacko, III, Esq.
        Bruce Barrett, Esq.