## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN J. ADAMSON, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION |
| FOULKE MANAGEMENT CORPORATION | ) No.:1:08-cv-04819-JBS-JS |
| D/B/A CHERRY HILL TRIPLEX and CHERRY | ) |
| HILL DODGE, | ) |
| | ) **PLAINTIFF'S OMNIBUS** |
| DIAMLERCHRYSLER FINANCIAL | ) **SUR-REPLY BRIEF IN** |
| SERVICES AMERICAS LLC d/b/a Diamler | ) **OPPOSITION TO** |
| Financial Services AG | ) **THE MOTIONS TO DISMISS** |
| | ) **FILED BY DEFENDANTS** |
| And | ) **FOULKE MANAGEMENT** |
| | ) **CORPORATION AND TRIAD** |
| TRIAD FINANCIAL CORPORATION | ) **FINANCIAL CORPORATION** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## Table of Authorities

**Cases**

*Delta Funding Corp. v. Harris*, 189 N.J. 28, 912 A.2d 104 (2006) ............................................................ 4
*Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79 (2000) .................................................. 4
*Wood v. Millers Nat. Ins. Co.*, 96 N.M. 525, 632 P.2d 1163 (N.M. Aug 24, 1981) .................................. 5

Per this Court's letter dated December 1, 2008, deaf consumer plaintiff, John J. Adamson, Jr. ("Plaintiff") files this Omnibus Sur-Reply brief in opposition to the motions to dismiss (collectively the "Motions") filed by defendants, Foulke Management Corporation ("Cherry Hill Dodge") and Triad Financial Corporation ("Triad Financial")[1] (collectively "Movants") and state as follows:

In their reply (Doc. Nos. 11 & 12) Movants attack Plaintiff's argument that the different and conflicting arbitration provisions he was presented are unconscionable and therefore unenforceable. The arbitration provision Movants selectively seek to enforce is particularly unconscionable as to Plaintiff. That provision requires Plaintiff to bear various costs, including various filing and service fees and other costs associated with retaining an arbitrator *and* a sign language interpreter—a cost Plaintiff is not required to bear under federal and New Jersey state law in any judicial proceeding. *No Defendant ever advised Plaintiff* that he would be caused to bear such prohibitively expensive costs nor was Plaintiff otherwise ever informed that he would be waiving important substantive and procedural due process civil rights relating to his disability.

Deafness is a communicative disability. It is no small irony that this case is, in part, about Defendants' refusal to provide a sign language interpreter as a reasonable accommodation of Plaintiff's disability. Deaf persons like Plaintiff require sign language interpreters *in order to understand and participate* in any judicial or arbitration proceeding. These are fundamental substantive and procedural due process rights that are expressly protected under the ADA and NJLAD statutes which Movants erroneously claim were knowingly waived by Plaintiff (through one of two lengthy arbitration provisions confusingly provided to him). Requiring Plaintiff to arbitrate would impose on him prohibitively expensive fees that Plaintiff would not have to bear in this Court, nor are they fees which were ever made known to him.

---

[1] Cherry Hill Dodge and Triad Financial, along with co-defendant, DiamlerChrysler Financial Services Americas LLC, are collectively herein referred to as "Defendants."

Although this case involves a consumer transaction, the provision at issue specifies only that the *Commercial* Arbitration Rules of the American Arbitration Association ("AAA") are to be applied without mention or reference to any consumer-related rules or the *Supplementary Procedures for Consumer-Related Disputes* mentioned in below-identified asterisked AAA commercial rules footnote.[2] In fact, the Complaint confirms that no AAA rules were ever provided to Plaintiff at the time that he signed the documents that comprise Complaint Exhibit B. By failing to provide disabled consumers like Plaintiff with sign language interpreters at Movants' cost as part of their proposed arbitration provisions, Movants continue to commit intolerable added acts of disability discrimination in violation of the ADA and NJLAD which this Court should not permit.

Under AAA Commercial Rule R-27[3], disabled claimants like Plaintiff are unlawfully required to bear the costs of the reasonable accommodation of their communicative disability associated with their need for sign language interpreters (something that would not occur in this Court). AAA Commercial Rules R-49 ("The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award.") and R-50[4] make clear that disabled consumers like Plaintiff must pay various fees up front and are subject to bearing at least half, but possibly all of the arbitrator's fees (which are only identified in their biographies and a consumer would not know about until a particular arbitrator is chosen). Furthermore, the AAA rules

---

[2]    All AAA rules referred to herein can be confirmed at is website at www.adr.org.

[3]    AAA Commercial Rule R-27 states "**R-27. Interpreters Any party wishing an interpreter** shall make all arrangements directly with the interpreter and **shall assume the costs of the service**." AAA R-27 (emphasis added).

[4]    AAA Commercial Rule R-50 states "**R-50. Expenses** The expenses of witnesses for either side shall be paid by the party producing such witnesses. **All other expenses of the arbitration, including required travel and other expenses of the arbitrator, AAA representatives, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties**, unless they agree otherwise **or unless the arbitrator in the award assesses such expenses or any part thereof against any specified party or parties**." AAA R-50 (emphasis added).

do not even guarantee application of its Supplementary Procedures for Consumer-Related Disputes.[5] Thus, contrary to Movants' claims, a very real possibility exists that no consumer related rules would ever be applied in any arbitration. Even if they were, however, the nature of Plaintiff's monetary and non-monetary claims makes clear that he stands to bear prohibitively expensive costs in any AAA arbitration.

The COST OF ARBITRATION clause says nothing about how the arbitrator's fees are to be paid. The AAA rules make clear that at least half, and potentially all, of the cost is to be borne by Plaintiff. This too was never made clear to Plaintiff. Contrary to Laura Ruccolo's letter dated November 25, 2008 (Doc. No. 16), there is no support for the purported fact that "Plaintiff would only be required to pay the initial fee of $375."[6] In fact, even the AAA Consumer Arbitration Cost rules state:

> If the consumer's claim or counterclaim exceeds $75,000, or if the consumer's claim or counterclaim is non-monetary, then the consumer must pay an Administrative Fee in accordance with the Commercial Fee Schedule. A portion of this fee is refundable pursuant to the Commercial Fee Schedule. The consumer must also deposit one-half of the arbitrator's compensation. This deposit is used to pay the arbitrator. This deposit is refunded if not used. The arbitrator's compensation rate is set forth on the panel biography provided to the parties before the arbitrator is appointed.

Thus, even the inapplicable consumer fee schedule makes clear that for claims having a value between $150,000 and $300,000, the claimant must pay the commercial fees of $2,750 as an initial

---

[5] The asterisk footnote to R-1 states "The AAA applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are nonnegotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices. The product or service must be for personal or household use. **The AAA will have the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator.** Consumers are not prohibited from seeking relief in a small claims court for disputes or claims within the scope of its jurisdiction, even in consumer arbitration cases filed by the business." AAA R-1 (emphasis added). Movants' reliance on these procedures confirms the take-it-or-leave it nature of the documentation in dispute.

[6] Similarly, there is nothing in the arbitration provision which addresses or requires Movants to pay any "case service fees and arbitrator costs" as they now appear to be offering. *See* Attorney Ruccolo's letter dated November 25, 2008 and compare to one page arbitration provision.

case filing fee and an additional $1,250 as a case service fee (*see* AAA Commercial Rules on Administrative Fees).[7] In this case, however, Plaintiff is also seeking non-monetary relief as part of its ADA and NJLAD claims, thus, he would be required to pay $3,250 as an initial case filing fee and an additional $1,250 as a case service fee (*id.*) for a total of $4,500, in addition to at least one half of the arbitrator's costs (and possibly more) and all sign language interpreter fees. Thus, the subject arbitration provision and AAA rules unconscionably and unlawfully imposes prohibitively expensive fees on Plaintiff and confirm the existence of a likelihood such will be imposed on Plaintiff in any AAA arbitration. Where, as here, the nature and extent of prohibitively expensive costs and the impact on his due process rights were never made known to Plaintiff, the arbitration provision simply cannot be enforced as a matter of public policy. *See, e.g., Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79 (2000) (likelihood of incurring prohibitively expensive costs invalidates arbitration agreement) and *Delta Funding Corp. v. Harris*, 189 N.J. 28, 912 A.2d 104 (2006) (finding cost shifting provisions that allow an arbitrator to have unfettered discretion to allocate the entire cost of arbitration to a consumer to be unconscionable and unenforceable).

Other than to confirm the hotly contested nature of the dispute over the purported written release waiver, the Certification of Financial Manager John Costas is more interesting for what it does not say, than what it does say. In it, he does not say that he:

    1)    Ever reviewed Plaintiff's Certification disputing that Plaintiff ever signed the purported release waiver Movants are attempting to enforce in their request for a dismissal on substantive grounds;

    2)    Disputes all or any particular part of Plaintiff's Certification;

    3)    Knows anything about the circumstances of the creation of the alleged wavier release, *e.g.*, who drafted it and when, why was it

---

[7] The value of Plaintiff's monetary claims for Defendants' initial violations and repeated violations of his statutory disability, credit and consumer rights, with statutory penalties and punitive damages in this case, make clear that the claims exceed the $150,000 threshold and that the fees to be paid would be $4,000, plus at least one half of the arbitrator's costs (and possibly more) and all sign language interpreter fees.

> drafted, how it was allegedly presented to Plaintiff, and what, if
> anything about it, was discussed with Plaintiff, *etc.*; and

4) Ever observed Plaintiff's signing of the purported release waiver (or that anyone else did), nor does he describe with any specificity the circumstances of the alleged signing.

Movants decision to first seek dismissal on the substantive, but hotly disputed, ground of an alleged written release before seeking to compel arbitration constitutes a waiver of any arguable right to compel arbitration.[8] *Wood v. Millers Nat. Ins. Co.*, 96 N.M. 525, 632 P.2d 1163 (N.M. Aug 24, 1981)[9] ("The point of no return is reached when the party seeking to compel arbitration invokes the court's discretionary power, prior to demanding arbitration, on a question other than its demand for arbitration. . . . To hold otherwise would permit a party to resort to court action until an unfavorable result is reached and then switch to arbitration."). Movants's first argument for dismissal in this case is an attempt to invoke this Court's discretionary power clearly signifying their waiver of any arguable arbitration provision.

**WHEREFORE**, plaintiff, John J. Adamson, Jr. requests that this Court deny defendant, Foulke Management Corporation's Motion to Dismiss in the form of order submitted herewith.

---

[8] It should also be recalled that, in addition to now seeking dismissal on substantive grounds, Triad Financial sought and secured an extension of the time to file an answer to the Complaint prior to filing its pending motion to dismiss.

[9] *Russykevicz v. State Farm Mut. Auto. Ins. Co.*, 1994 WL 369519, *3 (Del.Ch. Jun 29, 1994) (citing *Woods, supra.*).

- 5 -

- 6 -

                          **FELLHEIMER & EICHEN LLP**

                          /s/ John J. Jacko, III
                          Alan S. Fellheimer (PA Attorney I.D. No. 09842)
                          John J. Jacko, III (PA Attorney I.D. No. 67477)
                          1800 John F. Kennedy Boulevard, Suite 1400
                          Philadelphia, PA  19103
                          (215) 253-6634

                          Attorneys for Plaintiff
                          John J. Adamson, Jr.

Dated: December 5, 2008